DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK J. QUARLES, III,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2265

[March 13, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 502012CF001830A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions and sentences for second-degree murder with a firearm, possession of a firearm by a minor, and carrying a concealed firearm. These convictions and sentences occurred after a second jury trial, which had followed our reversal of the same convictions from the defendant's first trial. *See generally Quarles v. State*, 290 So. 3d 505 (Fla. 4th DCA 2020).

Regarding the defendant's convictions after his second trial, he raises three arguments: (1) the circuit court erred by denying his motion for judgment of acquittal where the state allegedly failed to present sufficient evidence of identity; (2) the circuit court erred by allowing the state to introduce evidence of a gun and ammunition which the state allegedly failed to connect to the shooting; and (3) the defendant was entitled to a twelve-person jury under the Sixth and Fourteenth Amendments. We conclude all three arguments lack merit, without further discussion. Therefore, we affirm the defendant's convictions.

Regarding the defendant's sentences after his second trial, he argues the circuit court erred by denying his motion to correct sentence, which raised three separate arguments: (1) the twenty-five year judicial review provision was not included in the Florida Department of Corrections' pre-printed sentencing forms; (2) the defendant's scoresheet incorrectly identified the defendant's convictions in the instant case for possession of a firearm by a minor and carrying a concealed firearm, for which the defendant already had served the maximum sentence by the time of his second trial, as "additional offenses"; and (3) the defendant's scoresheet incorrectly identified certain offenses – which had occurred *after* his primary offense of second-degree murder – as part of his "prior record."

We conclude the defendant's first and second sentencing arguments lack merit, without further discussion. The state concedes error on the defendant's third sentencing argument. We agree and will address briefly.

Section 921.0021(5), Florida Statutes (2012), defines a "prior record" as "a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense." Florida Rule of Criminal Procedure 3.704(d)(14) provides the same definition. As such, "[t]he only offenses that may be included under 'prior record' are those committed by the offender prior to the commission of the primary offense." *Sumpter v. State*, 838 So. 2d 615, 616 (Fla. 4th DCA 2003).

Here, the state concedes the defendant's scoresheet incorrectly identified three offenses as part of his "prior record" which the defendant had committed while in custody awaiting trial on the instant offenses. Thus, the defendant committed those offenses *after* his primary offense of second-degree murder. On remand, the circuit court shall issue a corrected scoresheet omitting those three latter offenses from the scoresheet's "prior record" section.

The foregoing scoresheet correction can be accomplished ministerially without the defendant's presence. Therefore, we affirm the defendant's sentences, but remand for the circuit court to correct the defendant's scoresheet as we have directed.

*Convictions and sentences affirmed; remanded for issuance of corrected scoresheet as directed.*

DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

2

*Not final until disposition of timely filed motion for rehearing.*